SHEPHERD *v.* JENSEN.

ADOPTION—CONSENT—COERCION—DURESS—SUFFICIENCY OF EVIDENCE.
Suit by natural mother to set aside adoption proceeding on
ground that her consent to adoption was obtained by threats,
coercion, and duress of her former husband, was properly
dismissed, where complaint was not established by evidence.

Appeal from Genesee; Gadola (Paul V.), J. Sub-
mitted June 7, 1932. (Docket No. 23, Calendar
No. 36,510.) Decided September 16, 1932.

Bill by Berneda Shepherd against Carl Jensen
and Anna Jensen to set aside adoption proceedings
on the ground of coercion. Bill dismissed. Plaintiff
appeals. Affirmed.

*Andrew J. Transue,* for plaintiff.

*Wilson & Hoffman,* for defendants.

CLARK, C. J. A daughter was born to John Cud-
ney and Berneda Cudney, his wife, on April 14, 1926.
On December 7, 1926, proceedings for adoption and
change of name of the child were had in the probate
court of the county, pursuant to 3 Comp. Laws 1929,
§ 15951. A guardian *ad litem* was appointed for
Mrs. Cudney, who was not then of full age. The
parents and the guardian *ad litem* duly consented
to the adoption, and the proper statutory instru-
ment was executed by defendants, the adoptive par-
ents. Due investigation and report being made, the
probate court made due order of adoption, 3 Comp.
Laws 1929, § 15955, containing a finding of genuine-

ness of consent of the natural parents, and the other usual findings of good moral character of the adoptive parents, the suitableness of the home, and respecting the welfare of the child. The defendants took, kept, and cared for the child. Mrs. Cudney, divorced from Cudney, married again, and she, as Berneda Shepherd, on May 13, 1931, filed this bill to set aside the adoption proceeding, the only allegation of the bill, meriting mention and supported by proof, being that her consent was due to threats, coercion, and duress of her former husband.

The bill was dismissed. Plaintiff has appealed.

If plaintiff's complaint is not in fact established, then there is, on this record, no infirmity in the proceeding, and the decree is right. So other questions may be passed. Plaintiff's testimony as against her former husband has some support, but the circumstances of her going to the probate court room with Mrs. Jensen, one of the defendants, and not in company of her husband, of absence of complaint by plaintiff until long after the fact and when her circumstances had changed, together with the testimony of other witnesses, including the judge of probate, lead to accord with the trial judge in deciding the issue of fact against plaintiff.

No other question need be discussed.

Affirmed, with costs.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.